IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DAVIDSON OIL COMPANY,**

    Plaintiff,

vs.                                                                                         Case No.

**CITY OF ALBUQUERQUE,**

    Defendant.

## COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED PROMISE OF GOOD FAITH AND FAIR DEALING AND PROMISSORY ESTOPPEL

**COMES NOW** Plaintiff Davidson Oil Company, by and through its attorneys, Lewis Roca Rothgerber Christie LLP, and for its complaint against Defendant City of Albuquerque hereby alleges as follows:

### Parties

1. Davidson Oil Company ("Davidson Oil") is a corporation duly organized and existing under the laws of the State of Texas, with its principal place of business in Amarillo, Texas.

2. The City of Albuquerque (the "City") is a municipal corporation organized and existing under the laws of the State of New Mexico.

### Jurisdiction and Venue

3. Davidson Oil and the City are citizens of different states.

4. The matter in controversy in this civil action exceeds the sum or value of $75,000, exclusive of interest and costs.

5. The Court has original jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

111788777.3

6. The Court has general and personal jurisdiction over the City because the City is organized and exists under the laws of the State of New Mexico and because the City provides municipal governance and services within the District of New Mexico.

7. Venue is proper in the District of New Mexico under 28 U.S.C. § 1391(b) because the contract at issue in this action was awarded and was to be performed within this district.

### General Allegations

8. Davidson Oil is a fuel oil distributor. Founded in 1972, the company is owned by Chan Davidson and his sister, Jodi Davidson-Teal. Since 1999, Davidson Oil has operated a fuel oil terminal in Albuquerque, New Mexico where it currently employs eight local residents.

9. On or about December 16, 2019, the City issued Request for Bids ("RFB") No. RFB0091C for the purchase and delivery of its fuel oil requirements. The RFB indicated the City would award one firm fixed price agreement. Bidders were instructed that pricing for fuel would remain firm during the first year of the contract.

10. Four vendors, including Davidson Oil, submitted bids in response to the RFB. Making use of its expertise and experience, Davidson Oil was able to offer highly competitive prices. After reviewing the bids, the City went back to the bidders to request best and final prices. To accommodate the City, Davidson Oil managed to reduce its prices still further and was awarded the contract.

11. On or about January 21, 2020, the City and Davidson Oil entered into Contract No. SHR000022076. (hereinafter the "Contract"). The Contract provides for Davidson Oil to supply the City's fuel oil requirements for one year beginning July 1, 2020 with two one year

options to renew. Renewal is to be at the option of the City and by mutual written agreement of the parties.

12. The Contract further provides for prices to be fixed throughout the first year of its term. Not less than 90 days before each renewal period, the City may request and Davidson Oil shall provide its fixed pricing for the renewal period. The Contract at page 2 grants to the City "the right to cancel the contract and solicit a new contract if a requested price is unacceptable to the City."

13. Among the standard terms and conditions in the Contract is a Termination for Convenience clause. This provision states in Section 12 as follows:

> City may terminate the Contract at any time by giving at least 60 days' written notice to the Vendor. In such event, vendor [sic] shall be paid under the terms of the Contract for all goods and/or services provided to and accepted by City, if ordered or accepted by City prior to the effective date of termination.

14. The contract further provides in Section 24 that it "is governed by the laws of the State of New Mexico and the City of Albuquerque."

15. Having committed to fixed prices for fuel for a one year period, Davidson Oil needed to ensure it would have the ability to deliver fuel to the City at the agreed prices. To do so, as is standard practice in the oil industry, and in reliance on the Contract, Davidson Oil entered into hedge contracts. Specifically, Davidson Oil bought 12 one-month contracts to purchase fuel on the open market. The prices of these contracts were locked-in on January 31, 2020. These prices were pegged just slightly below the prices called for by the Contract with the City.

16. Beginning in February 2020, the world experienced a severe decline in oil prices apparently caused by the combined economic impact of the COVID-19 virus and a price war between Saudi Arabia and Russia. Oil prices plunged to a 17-year low.

17. Due to the decline in oil prices, the City determined that it could purchase fuel oil at prices cheaper than the fixed prices to which the Contract committed the City to pay to Davidson Oil during the first year.

18. On March 18, 2020, the City notified Davidson Oil that it was terminating the Contract effective May 19, 2020. The following day, this notice was amended to state that the termination was issued pursuant to the Termination for Convenience clause in the Contract.

19. Davidson Oil attempted to persuade the City to keep the Contract in place. The City refused to do so, contending it must terminate the Contract for budgetary reasons and informing Davidson Oil that it would seek more favorable fuel oil pricing elsewhere in the oil market.

20. The City is a sophisticated buyer of fuel oil. As such, it was aware at the time the Contract was executed that Davidson Oil would have to purchase hedge contracts to protect its ability to supply all of the City's fuel requirements at a fixed price for one year.

21. The City was aware at the time it terminated the Contract that the termination would leave Davidson Oil with no place to sell the fuel oil hedge it purchased to meet its obligations to City without incurring substantial losses.

22. Davidson Oil has already incurred losses on the hedge contracts it purchased to supply the City's fuel requirements at a fixed price for one year and is likely to continue to experience such losses through the end of June 2021.

23. Despite demand, the City has refused to compensate Davidson Oil for the monetary losses it has sustained and will continue to sustain as a result of the termination of the Contract.

24. Notwithstanding the Termination for Convenience clause in its contracts, the City's ability to terminate contracts pursuant to this provision is not without limits. The Termination for Convenience clause cannot be exercised in a manner that renders a contract illusory.

25. The City is not permitted to terminate for convenience a fixed price requirements contract only to seek more favorable pricing elsewhere without paying compensation to Davidson Oil for the costs it incurred to commit to the fixed prices and otherwise prepare to perform the Contract.

**Count I:  Breach of Contract**

26. Davidson Oil re-alleges and incorporates by reference all of the foregoing allegations.

27. The City breached the Contract by terminating it only for the purpose of obtaining more favorable fuel oil pricing elsewhere and then refusing to compensate Davidson Oil for the monetary losses caused by the termination.

28. As a result of the breach of the Contract by the City, Davidson Oil sustained damages. These damages include (a) monies required to place Davidson Oil in as good a position as if the Contract had been performed by the City, (b) any and all losses Davidson Oil has and will sustain arising from its purchase of hedge contracts so it could provide fixed prices to the City for fuel oil for one year, and (c) expenses incurred by Davidson Oil in preparing to perform the Contract.

**Count II:  Breach of Implied Promise of Good Faith and Fair Dealing**

29. Davidson Oil re-alleges and incorporates by reference all of the foregoing allegations.

30. The Contract includes an implied promise of good faith and fair dealing.

31. The implied promise protects Davidson Oil's reasonable expectations under the Contract.

32. The City terminated the Contract only for the purpose of obtaining more favorable fuel oil pricing elsewhere and then refused to compensate Davidson Oil for the monetary losses caused by the termination.

33. The City breached the implied promise by preventing the Contract's performance and withholding the benefits of the Contract from Davidson Oil.

34. The City acted in bad faith by terminating the Contract and wrongfully and intentionally used the Contract to harm Davidson Oil.

35. As a result of the City's breach of the implied promise, Davidson Oil sustained damages. These damages include (a) monies required to place Davidson Oil in as good a position as if the Contract had been performed by the City, (b) any and all losses Davidson Oil has and will sustain arising from its purchase of hedge contracts so it could provide fixed prices to the City for fuel oil for one year, and (c) expenses incurred by Davidson Oil in preparing to perform the Contract.

### Count III:  Promissory Estoppel

36. Davidson Oil re-alleges and incorporates by reference all of the foregoing allegations.

37. In entering into the Contract, the City made an actual promise to Davidson Oil that, in accordance with law, it would purchase its fuel requirements from Davidson Oil for a fixed price for a period of at least one year. This promise induced Davidson Oil to take action to prepare to perform the Contract.

38. Davidson Oil's reliance on the City's promise was reasonable.

39. Davidson Oil's actions in preparing to perform the Contract amounted to a substantial change in position.

40. The acts of Davidson Oil in preparing to perform the Contract were foreseen or reasonably foreseeable to the City when making the promise.

41. As a result of Davidson Oil's reliance on the City's promise, Davidson Oil sustained damages. These damages include (a) monies required to place Davidson Oil in as good a position as if the Contract had been performed by the City, (b) any and all losses Davidson Oil has and will sustain arising from its purchase of hedge contracts so it could provide fixed prices to the City for fuel oil for one year, and (c) expenses incurred by Davidson Oil in preparing to perform the Contract.

42. Enforcement of the City's promise is required to prevent injustice.

**Request for Relief**

**WHEREFORE,** Davidson Oil Company requests judgment against the City of Albuquerque including the following relief:

A. Compensatory damages, including direct, consequential and incidental damages, in an amount to be determined at trial.

B. Costs incurred in pursuing this action.

C. Such other relief as the Court may deem just and proper.

Respectfully submitted this 21st day of August, 2020.

                                            LEWIS ROCA ROTHGERBER CHRISTIE LLP

                                            By  */s/ Ross L. Crown*
                                                 Ross L. Crown
                                                 *Attorneys for Plaintiff Davidson Oil Company*
                                                 201 Third Street NW, Suite 500
                                                 Albuquerque, NM  87102
                                                 Phone:  505-764-5402
                                                 Email:   rcrown@lrrc.com

111788777.3