IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVIDSON OIL COMPANY,

    Plaintiff,

vs.                                                       Case No. 1:20-CV-00838-RB-JHR

CITY OF ALBUQUERQUE,

    Defendant.

---

**DEFENDANT CITY OF ALBUQUERQUE'S REPLY TO DAVIDSON OIL COMPANY'S RESPONSE IN OPPOSITION TO DEFENDANT CITY OF ALBUQUERQUE'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DAMAGES**

---

SANCHEZ, MOWRER & DESIDERIO, P.C.

Robert J. Desiderio
Erin S. Ferreira
Janette Angelica Duran
Post Office Box 1996
Albuquerque, NM 87103
T: 505-247-4321
F: 505-247-4441

CITY OF ALBUQUERQUE
Esteban A. Aguilar Jr., City Attorney

John E. DuBois
Assistant City Attorney
Devon P. King
Managing Assistant City Attorney
P.O. Box 2248
Albuquerque, New Mexico 87103
T: (505) 768-4500
F: (505) 768-4525

Attorneys for Defendant

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ii

I.     THE CITY'S RESPONSE TO PLAINTIFF DAVIDSON OIL'S ADDITIONAL STATEMENT OF UNDISPUTED MATERIAL FACTS ............................................1

II.  ARGUMENT .........................................................................................................3

    A.    Assuming That City's Exercise Of The Termination For Convenience Clause ("TFC") Constituted a Breach of Contract, The Facts Do Not Support Davidson Oil's Damage Claims. …........................................................................................3

        1.    The Undisputed Material Facts Do Not Support Davidson Oil's Claims for Lost Profits. ....................................................................................................3

        2.    Davidson Oil May not Recover its hedging losses. .....................................7

III. CONCLUSION......................................................................................................9

## TABLE OF AUTHORTIES

**New Mexico Cases**

*Strata Prod. Co. v. Mercury Expl. Co.*, 1996-NMSC-016, 121 N.M. 622, 916 P.2d 822 .............. 6

*Sunnyland Farms, Inc. v. New Mexico Elec. Coop., Inc.* 2013-NMSC-017, 301 P.3d 387. .......... 8

**New Mexico Statutes**

NMSA 1978, § 55-2-105(1) (1961) ............................................................................................. 3

NMSA 1978, § 55-2-708 (1967) .............................................................................................. 3, 9

**Other Cases**

*Amoco Pipeline Co. v. Admiral Crude Oil Corp., et al.*, 490 F.2d 114 (10th Cir. 1974) ............... 4

*Goodstein Const. Corp., v. City of New York*, 590 N.Y.S.2d 425 (1992) ....................................... 8

**Other Authorities**

3 Williston on Contracts (4th ed.) ............................................................................................ 5, 8

Restatement (Second) of Contracts (1981) ............................................................................... 4, 6

As a matter of law, Davidson Oil Company ("Davidson Oil") cannot recover anything but nominal damages in this action against the City of Albuquerque ("the City") even if the City breached its contract with Davidson Oil, which it has not. Davidson Oil has not raised in its Response any genuine issues of material fact that would justify denying this Motion. Therefore, the City's Motion for Partial Summary Judgment should be granted.

I.   **THE CITY'S RESPONSE TO PLAINTIFF DAVIDSON OIL'S ADDITIONAL STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. City admits the allegations in Davidson Fact 1.

2. City admits the allegations in Davidson Fact 2.

3. City admits the allegations in Davidson Fact 3.

4. City admits the allegations in Davidson Fact 4.

5. City admits the allegations in Davidson Fact 5.

6. City admits the allegations in Davidson Fact 6.

7. City admits the allegations in Davidson Fact 7.

8. City lacks sufficient knowledge or information to admit or deny the allegations in Davidson Fact 8 and therefore the City must deny the allegations.

9. City lacks sufficient knowledge or information to admit or deny the allegations in Davidson Fact 9 and therefore the City must deny the allegations.

10. City has insufficient knowledge or information to admit or deny the claims that Davidson Oil makes about the mechanics of its hedging contracts alleged in Davidson Fact 10. City denies that: "[t]hus, revenues from sales to the City would cover **any** monthly losses on the hedge contracts…" (emphasis added). The statement cannot be true because if, for example, the City did not buy any fuel for a month, Davidson Oil would still have to pay the hedging contract

for that month. Therefore, the allegation made in Davidson Fact 10, that the sales of fuel would cover **any** monthly loss, is denied.

      11. City admits the allegations in Davidson Fact 11.

      12. City admits the allegations in Davidson Fact 12.

      13. City denies the allegations in Davidson Fact 13.

      14. City admits the allegations that Davidson Oil remained obligated to pay hedging contracts, but denies that that obligation resulted from any breach of the Contract. City denies the remaining allegations in Davidson Fact 14.

      15. City admits that Davidson Oil realized a loss as a result of its hedging contracts in some months and realized a profit in other months as alleged in Davidson Fact 15. City denies the remaining allegations in Davidson Fact 15.

      16. City admits that that Davidson Oil lost money on its hedging contracts. City denies the remaining allegations in Davidson Fact 16.

      17. City admits that that Davidson Oil lost money on its hedging contracts. City denies the remaining allegations in Davidson Fact 17.

      18. City admits that Davidson Oil calculated a $0.02 per gallon profit on fuel it planned to sell to City. City denies the remaining allegations in Davidson Fact 18.

      19. City admits the Contract called for Davidson Oil to deliver to City the fuel that it sold to City. City lacks sufficient knowledge or information to admit or deny the remaining allegations in Davidson Fact 19 and therefore the City denies the remaining allegations in Davidson Fact 19.

      20. City admits that Truman Arnold Company provided some fuel to City after City terminated the contract pursuant to the terminate for convenience clause. City lacks sufficient

knowledge to admit or deny the remaining allegations in Davidson Fact 20 and therefore City denies the remaining allegations in Davidson Fact 20.

21. City admits that Truman Arnold Company asked Davidson Oil to transport a portion of fuel to City. City lacks sufficient knowledge to admit or deny the remaining allegations in Davidson Fact 21 and therefore City denies the remaining allegations in Davidson Fact 21.

22. City denies the allegations in Davidson Fact 22.

23. City denies the allegations in Davidson Fact 23.

## II.   ARGUMENT

**A.   Assuming That City's Exercise of the Termination for Convenience Clause ("TFC") Constituted A Breach of Contract, The Facts Do Not Support Davidson Oil's Damage Claims**

Davidson Oil seeks damages totaling $776,871.60, comprised of (i) lost anticipated profits on fuel sales to the City in the amount of $107,567.04; (ii) lost fuel delivery profits in the amount of $53,561.68; (iii) loses on hedge contracts in the amount of $601,858.99; and (iv) additional interest paid on a line of credit in the amount of $13,883.89. Plaintiff Davidson Oil Company's Motion for Summary Judgment ("Davidson MSJ") (Doc. 53) at 10, ¶ 33. Davidson Oil claims that these losses are its expectation damages to which it is entitled. Davidson MSJ (Doc. 53) at 24-26.

**1. The Undisputed Material Facts Do Not Support Davidson Oil's Claim for Lost Profits**

Assuming for the purposes of this Motion, that the City breached the Contract, which the City denies, the City agrees that Davidson Oil would be entitled to its lost profit on the sale and delivery of the fuel to the City. NMSA 1978, § 55-2-708(2) (1967) (Seller may recover lost profits plus incidental damages for a buyer's repudiation of a contract.)[1] City further agrees that Davidson

---

[1] Because the sale of fuel is a sale of goods under the New Mexico Uniform Commercial Code, Section 55-2-708(2) applies to this case. NMSA 1978, § 55-2-105(1) (1961) ("'goods' means all things . . . which are moveable at the time

3

Oil's lost profits on the sale of the fuel would be measured by the profit margin on each gallon of fuel times the quantity of fuel City would have purchased from it. For the purposes of this Motion, the City accepts that Davidson Oil's profit margin on each gallon of fuel was $0.02 per gallon. The issue in this case relates to the quantity of fuel that the City would have purchased from Davidson Oil.

Davidson Oil claims that the estimates of fuel projected by the City in its RFB may be used to calculate damages "because they reflect Davidson Oil's expectation upon entering into the Contract, and they remained Davidson Oil's expectation up to the time the City breached the Contract." Plaintiff Davidson Oil Company's Response in Opposition to Defendant City of Albuquerque's Motion for Partial Summary Judgment as to Damages ("Davidson Response") (Doc. 58) at 14, 18 ("Davidson Oil presents a *precise calculation* of its damages based on its expected profits per gallon of fuel and the *estimates of the City's fuel requirements as provided at the time of contracting*, minus mitigation.") (emphasis added). Davidson Oil's subjective belief of the quantity of fuel the City would have purchased reflects an incorrect meaning of expectancy.

Ordinarily, when a court concludes that there has been a breach of contract, it enforces the broken promise by protecting the expectation that the injured party had when it made the contract. It does this by attempting to put him in *as good a position as it would have been* in had the contract been performed; that is, had there been no breach. The interest protected in this way is called the "expectation interest." Restatement (Second) of Contracts § 344 (1981). Expectancy is objective, not subjective. The expectation interest is not based on the injured party's hopes when he made the contract, but on the actual value that the contract would have had to him had it been performed. Expectancy therefore relates to what the Contract would have produced had the City not breached

---

of identification to the contract…); *See e.g. Amoco Pipeline Co. v. Admiral Crude Oil Corp., et al.*, 490 F.2d 114, 116-17 (10th Cir. 1974) (stating that sale of crude Oil is a sale of goods).

the Contract, not what Davidson Oil anticipated at the time it entered in the Contract. *Id.*. Damages are calculated as "the loss suffered by the promisee when the promisor failed to perform his or her promise—in other words, the value to the promisee of the promise that was broken." 3 Williston on Contracts § 64:3 (4th ed.)

Davidson Oil thus must prove with reasonable certainty the volume of fuel City would have purchased within the confines of its budget crisis, which Davidson Oil has failed to do in all its pleadings. Davidson Oil's failure to provide with reasonable specificity the quantity of fuel that City would have purchased had the Contract not been breached under the facts and circumstances existing the time of the breach defeats is prayer for lost profit damages.

Davidson Oil calculated its alleged damages for lost profits by multiplying the quantity of fuel City would have purchased by the profit margin on its fuel sales and fuel delivery to the City. *See* Davidson Fact 19. Davidson Oil calculated that it would earn $.02 a gallon on fuel sales and $88.59 for each load of fuel delivered (consisting of 8,500 gallons per load) and that it would have sold the quantity of fuel "based on the figures for historical fuel usage the City prove to prospective bidders in its RFB." *Id.* However, it is the Davidson Oil's burden to demonstrate with reasonable specificity how many gallons of fuel oil the City would have purchased at the Contract price because of the City's budget constraints caused by the pandemic. Davidson Oil's reliance on fuel estimates for fuel use before the pandemic is too speculative and not supported by evidence.

Davidson Oil's hedging contracts and its calculations of lost profits are based on Davidson Oil's anticipation that the City would purchase fuel based on estimates detailed in the RFB. Those quantities were in turn based upon the City's fuel usage in non-pandemic years. If the City used less fuel during the Covid-19 pandemic, Davidson Oil would have earned lower

5

profits, or even possibly have incurred substantial losses, which would not have been caused by an alleged breach of contract. Proof of expectancy damages requires, however, that Davidson Oil reasonably prove the quantity of fuel the City would have purchased assuming the contract had not been breached, which Davidson Oil has failed to do. *See*, *e.g.*, *Strata Prod. Co. v. Mercury Expl. Co.*, 1996-NMSC-016, ¶ 40, 121 N.M. 622, 916 P.2d 822, (correctly read stands for the proposition that expectancy damages must be proven with reasonable specificity.)

Because the City had to take austerity measures to ensure it would not have a budget shortfall during the uncertainty caused by the pandemic, it would logically have purchased far less fuel at those higher prices. As such, Davidson Oil's profits, would have been lower, or it might have suffered losses. It was incumbent, then, for Davidson Oil to show what quantity the City would have purchased at the Contract prices, which it has not done. Restatement (Second) of Contracts § 344 (1981) (… "the injured party is often held to a more objective valuation of his expectation interest because he may be barred from recovering for loss resulting from such special circumstances on the ground that it was not foreseeable or cannot be shown with sufficient certainty.")

Recognizing that it may not be entitled to measure its damages by the estimates in the RFB documents, Davison then states: "[a]t a minimum the City is liable to Davison for lost profits on the actual amount of fuel it purchased from the replace suppliers during the first year of the Contract." Davidson Response (Doc. 58) at 15. Relying on City's replacement purchase, however, does not take into account that the City would have purchase less fuel from Davidson Oil at the higher Contract prices. In sum, Davidson Oil has not alleged sufficient, undisputed material facts, that establish the quantity of fuel the City would have purchased, and, in the absence of that

calculation, Davidson Oil cannot recover the damages it seeks for lost profits, even if there was a breach of the Contract.

**2. Davidson Oil may not recover its hedging losses.**

Davidson Oil argues that its hedging losses are recoverable either as general damages or consequential damages. Davidson Response (Doc. 58) at 19. Davidson Oil's hedging losses are not recoverable as either general or consequential because those losses were taken into account when Davidson Oil's calculated its lost profits at $.02 a gallon of fuel. Davidson Oil has continuously argued that it purchased the hedging contracts as a basis to assure that it would earn $.02 on each gallon of fuel it would have sold to the City. *See* Davidson Fact 9 in Response, p. 7; Davidson Oil Fact 18 in Response, pp. 9-10. If the price of fuel it had to purchase increased above the price it budgeted for the sale of the City, the other party to the hedging contract would pay Davidson Oil the increase in the market price of the fuel, assuring that Davidson Oil earned its .02 per gallon of fuel. Conversely, if the market price of fuel fell below the target price, Davidson Oil had to pay the other party the amount of the decease. *See* Davidson Fact Nos. 8, 9, and 10 in Response, p.7

In either case Davidson Oil would have earned $.02 per gallon of fuel, no more, no less. Response, p. 12. As a consequence, Davidson Oil accounted for its hedging costs when it calculated its profit of $.02 a gallon. The $.02 profit margin reflects the sales price Davidson Oil would have received from the City, less its costs to purchase the fuel it would have sold to the City and less its hedging costs.

Even if Davidson Oil's losses are not included within its calculation of lost profits, it is not enough for Davidson Oil to assert that it lost money on its hedging position. Davidson Oil must demonstrate that it would not have suffered the hedging losses except as a result of the alleged

breach of contract. *Goodstein Const. Corp., v. City of New York*, 590 N.Y.S.2d 425, 429 (1992) (Expectancy damages capture the gain the plaintiff would have realized if the defendant did not breach.); *accord* 3 Williston on Contracts § 64:3 (4th ed.) (When the promisor fails to perform as promised, the promisee becomes entitled to damages designed to compensate him or her for the harm caused by the breach.)

Damages in a breach of contract case do not include every dollar a party may have lost as a result of the assumption of risk. Instead, damages are designed to place the nonbreaching party in the same place the party would have been absent the breach, which damages do not include those losses the nonbreaching party would have incurred even if the Contract had not been breached. Davidson Oil claims to agree with this statement, *see* Davidson Response (Doc. 58) at 12-13, but then argues that its "purchase of hedge contracts based on" its agreement with City resulted in a cognizable loss because "[w]hen Oil prices fell and the City terminated the Contract, Davidson Oil remained obligated on its hedge contracts." *Id*. at 13 (*citing* to Davidson Fact 14). In fact, Davidson Oil would have remained obligated under its hedging contracts whether or not the City terminated the Contract, regardless of the amount of fuel the City purchased. Davidson Oil's alleged loss caused its purchase of the hedging contracts did not stem from the City's alleged breach. Awarding Davidson Oil $601,858.99 as a result of its hedging contracts would not place Davidson Oil in the position it would have been in absent the alleged breach—it would substantially improve the position that Davidson Oil would have been in if the Contract was not terminated.

Moreover, Davidson Oil's hedging losses are not general damages because they do not "arise naturally and necessarily as a result of the breach" to sell fuel. *Sunnyland Farms, Inc. v. New Mexico Elec. Coop., Inc.* 2013-NMSC-017, ¶ 11, 301 P.3d 387. And they may not be

8

recovered as consequential damages. Under Section 55-2-708(2), a seller, Davidson Oil, is not entitled to recover consequential damages; a seller is limited to lost profits and incidental damages.

### III. CONCLUSION

For the reasons stated above, the City of Albuquerque has established as a matter of law that it is not liable to Davidson Oil Company for lost profits and hedge losses. Therefore, the City's motion for partial summary judgment as to damages should be granted.

Respectfully submitted,

SANCHEZ, MOWRER & DESIDERIO, P.C.

By: */s/ Robert J. Desiderio*
Robert J. Desiderio
Janette Angelica Duran
Erin S. Ferreira
Post Office Box 1996
Albuquerque, NM 87103
T: 505-247-4321
F: 505-247-4441
jaduran@smdlegal.com
rjdesiderio@smdlegal.com
erin@smdlegal.com


CITY OF ALBUQUERQUE
Esteban A. Aguilar Jr., City Attorney

*/s/ John E. DuBois*
John E. DuBois
Assistant City Attorney
Devon P. King
Managing Assistant City Attorney
P.O. Box 2248
Albuquerque, New Mexico 87103
(505) 768-4500/F: (505) 768-4525
jdubois@cabq.gov
dking@cabq.gov

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I certify that on this 23th day of May, 2022, I served a copy of the foregoing pleading to the parties listed below through the Court's case management and electronic filing system ("CM-ECF").

Ross L. Crown
Lewis Roca Rothgerber Christie LLP
201 3rd St NW, Suite 500
Albuquerque, NM 87102-3366
505.764.5402
rcrown@lrrc.com

                    Respectfully submitted,

                    SANCHEZ, MOWRER & DESIDERIO, P.C.

By:  */s/ Janette Angelica Duran*
      Janette Angelica Duran
      Robert J. Desiderio
      Erin S. Ferreira
      Post Office Box 1996
      Albuquerque, NM 87103
      T: 505-247-4321
      F: 505-247-4441
      jaduran@smdlegal.com
      rjdesiderio@smdlegal.com
      erin@smdlegal.com

      CITY OF ALBUQUERQUE
      Esteban A. Aguilar Jr., City Attorney

      */s/ John E. DuBois*
      John E. DuBois
      Assistant City Attorney
      Devon P. King
      Managing Assistant City Attorney
      P.O. Box 2248
      Albuquerque, New Mexico 87103
      (505) 768-4500/F: (505) 768-4525
      jdubois@cabq.gov
      dking@cabq.gov

      *Attorneys for Defendant*